UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AL M. THOMPSON, JR. AND<br>AL M. THOMPSON, JR., L.L.C. | CIVIL ACTION |
| VERSUS | No. 06-10481 |
| ALLSTATE INSURANCE<br>COMPANY | SECTION "C" |

## ORDER

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 5). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional

minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order (Rec. Doc. 5), Allstate Insurance Company ("Allstate") filed a memorandum that attempted to show that the jurisdictional minimum was met (Rec. Doc. 7).  To illustrate the amount in controversy, Allstate pointed to the plaintiffs' policy limit of $35,000 for contents and reimbursement of lost income for up to twelve months.  Allstate also asserted that the plaintiff's request for attorneys' fees and penalties catapults his claim over the jurisdictional minimum.

It is not facially apparent nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal. The relevant inquiry concerns damage to the property, not the value of the policy.  Furthermore, the although Allstate says they never received a proper stipulation, the plaintiff claims that his damages were

less than $75,000.  Also, the defendant must do more than point to the possibility of attorneys fees  and must present facts indicating the propriety of such penalties.

Thus, based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  *See*: *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 8th day of March, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE